412 A.2d 491

**COMMONWEALTH of Pennsylvania**

v.

**Antonio A. MAZZCCUA, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 21, 1980.

Decided March 20, 1980.

Barnaby Wittels, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Philadelphia, Michelle Goldfarb, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

In 1977 appellant, Antonio A. Mazzccua, was found guilty by a jury of possession of instruments of crime and murder of the first degree. After denial of post-trial motions, appellant was sentenced to one to five years for possession of instruments of crime and to life imprisonment for murder of the first degree. Appellant by his direct appeal seeks a new trial on the grounds that ineffective assistance of counsel at the trial and post-trial levels constituted a deprivation of his constitutional rights. In addition appellant asks that we remand for an evidentiary hearing for the purpose of presenting testimony in an attempt to show that during trial counsel's closing the district attorney made allegedly improper gestures and facial expressions that mocked counsel and derogated appellant.

Appellant was represented at trial by court appointed counsel—his second attorney. Trial counsel filed post-trial

motions; a third attorney filed supplemental post-trial motions. Post-trial counsel died. On appeal appellant is represented by a fourth attorney who now raises sixteen assignments of ineffectiveness of both trial and post-trial counsel.[1]

We have reviewed the briefs and the record and find that appellant's claims are without merit, and therefore we affirm the order and judgment of sentence of the court below.

Affirmed.

KAUFFMAN, J., did not participate in the consideration or decision of this case.

---

1. Quoting from appellant's brief:

"Trial counsel was less than vigorous in his efforts on behalf of his client. Voir dire was perfunctory as was cross-examination. Counsel also failed to properly prepare for trial, investigate the case, and prepare a defense. Counsel failed to object to the introduction of prejudicial hearsay and failed to object to prosecutorial misconduct and judicial error. Counsel failed to ask for the prior statements of witnesses, failed to bring out the prior record of witnesses, and failed to produce character testimony on his client's behalf."

In addition, appellant charges ineffective assistance of counsel for failure to interview eye witnesses, failure to prepare appellant or any other witness to testify, failure to search out witnesses and "other failures". Appellant also asserts that it was ineffective assistance of post-trial counsel to neglect to raise the argument that prosecutorial misconduct during trial is grounds for the grant of a new trial.