485 A.2d 1089

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Michael A. DeGEORGE, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 10, 1984.

Decided Dec. 18, 1984.

446

Michael J. Veshecco, Dist. Atty., Shad Connelly, Asst. Dist. Atty., Erie, for appellant.

William F. Cercone, Jr., Pittsburgh, Leonard G. Ambrose, III, Erie, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

The Commonwealth of Pennsylvania appeals from an order of the Superior Court reversing the judgment of

sentence entered against appellee Michael DeGeorge and remanding for a new trial, having determined that appellee DeGeorge was denied effective assistance of counsel due to trial counsel's failure to object to the trial court's acceptance of DeGeorge's waiver of jury trial without conducting an on-the-record colloquy as prescribed by Rule of Criminal Procedure 1101.[1]

Michael A. DeGeorge was convicted after a non-jury trial of possession with intent to deliver a controlled substance and criminal conspiracy. Post-verdict motions were filed and denied and judgment of sentence entered April 25, 1980, but subsequently reversed by Superior Court. We granted the Commonwealth's petition for allowance of appeal and now reverse the order of the Superior Court and remand for proceedings consistent with this opinion.

DeGeorge was represented by the same counsel from preliminary stages through and including disposition of post-verdict motions. New appellate counsel's first filing was of a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. There it was initially contended that the trial court erred in failing to conduct an on-the-record colloquy pursuant to Pa.R.Crim.P. 1101. The trial court opined that the issue was waived because not presented in pre- or post-trial motions. When the issue was presented to Superior Court, the allegation of error was coupled with the assertion that if the issue were held to have been waived, then trial counsel was ineffective in failing to pursue the error.

■ The Commonwealth argued that the issue was not properly preserved for appellate review and further argued that the issue was waived pursuant to the discretionary waiver of Pa.R.A.P. 1925 which states that failure to raise an issue in a Statement of Matters Complained of on Appeal results in waiver if the failure makes effective appellate review difficult. However, because the substantive issue was raised at the first available opportunity following the

1. *Commonwealth v. DeGeorge,* 319 Pa.Superior Ct. 244, 466 A.2d 140 (1983).

stewardship of counsel whose effectiveness is challenged, the Superior Court held the issue to have been adequately presented for appellate review. We agree with Superior Court's determination that the issue is properly presented for appellate review and thus proceed to the merits.

■ Rule 1101 of the Pennsylvania Rules of Criminal Procedure requires that the trial court determine, on the record, whether the defendant's decision to waive a jury trial is knowingly and intelligently entered. Rule 1101 provides, in pertinent part:

In all cases the defendant may waive a jury trial with the consent of his attorney, if any, and approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury. *The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record.*

(Emphasis supplied.) While the record includes a written waiver of jury trial, signed by DeGeorge, no of-record colloquy appears from which it can be affirmatively established that DeGeorge's waiver of jury was knowing and intelligent as required by *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973). On the authority of this Court's decision in *Commonwealth v. Morin*, 477 Pa. 80, 383 A.2d 832 (1978), the Superior Court held that the failure of DeGeorge's prior counsel to raise the issue of the jury waiver in post-verdict motions denied DeGeorge of effective assistance of counsel, since counsel "could not have had any reasonable basis for failing to object to an inadequate jury trial waiver." 319 Pa.Super. at 252, 466 A.2d 140.

In *Morin*, it was held that reversal and remand for new trial was the only remedy in the case of an inadequate colloquy as prescribed by Rule 1101, a holding based upon the mandate of *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). However, decisions subsequent to *Morin*, beginning with *Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982), have departed from the remedy mandated by *Ingram*, and do permit the consideration of circumstanc-

es outside the content of the of-record colloquy in determining the validity of a waiver, whether the waiver be of a jury only as in *Commonwealth v. Anthony*, 504 Pa. 551, 475 A.2d 1303 (1984), *Commonwealth v. Carson*, 503 Pa. 369, 469 A.2d 599 (1983), *Commonwealth v. Smith*, 498 Pa. 661, 450 A.2d 973 (1982), and *Commonwealth v. Williams*, *supra*, or whether the waiver be of one of the several rights waived by the entry of a guilty plea as in *Commonwealth v. Schultz*, 505 Pa. 188, 477 A.2d 1328 (1984), *Commonwealth v. Gardner*, 499 Pa. 263, 452 A.2d 1346 (1982), *Commonwealth v. Martinez*, 499 Pa. 417, 453 A.2d 940 (1982), *Commonwealth v. Shaffer, supra.*

Thus, in *Commonwealth v. Smith, supra,* a case similar to the instant case, no colloquy as prescribed by Rule 1101 was of record and there existed only the written waiver document, signed by the defendant. However, in *Smith,* the defendant, in the waiver document, specifically acknowledged that the elements of a jury trial, selection of jurors from the community, requirement of unanimous verdict and participation in selection of the jury, *Commonwealth v. Williams, supra,* were explained and understood. It was therefore held that in the absence of an assertion on appeal that the document was invalid or that the waiver was not knowing and intelligent, the *prima facie* validity of the defendant's acknowledgment that the elements of a jury trial were explained and understood, was presumed. Accordingly, on this evidence that the defendant's waiver of jury was knowing and intelligent, the claim that the defendant was denied effective assistance of counsel was rejected.

Here, the written waiver signed by DeGeorge, states merely that the defendant "pleads not guilty and ... waives a jury trial and elects to be tried by a judge without a jury". Waiver of jury trial, May 3, 1978. In the absence of any assertion of record indicating that the waiver was knowing and intelligent, we are unable to determine whether DeGeorge has received effective assistance of counsel in waiving a jury trial. We have no indication of the extent to which counsel and client may have conferred on that which

was waived, or what colloquy was conducted at the time the written waiver was executed.[2]  However, hearing testimony taken in the case of claimed ineffective assistance of counsel has been relied upon to determine whether a jury waiver was knowing and intelligent, *Commonwealth v. Carson, supra* (waiver held valid), *Commonwealth v. Gardner, supra* (waiver held valid), *Commonwealth v. Williams, supra* (waiver held invalid).  That the record now before this Court does not include such testimony because of the case's procedural stance should not result in a mandate of reversal and remand for new trial as ordered by Superior Court.  Accordingly, the order of the Superior Court is reversed and the case is remanded to the trial court for evidentiary proceedings to determine whether the waiver of trial by jury was knowing and intelligent.

Reversed and remanded.

NIX, C.J., and HUTCHINSON and ZAPPALA, JJ., file dissenting opinions.

NIX, Chief Justice, dissenting.

The majority in its haste to discard our rule confining the inquiry as to the validity of a waiver of trial by jury to the trial record defeats the very purpose they purport to serve.  They accept a meritless claim of ineffective assistance of counsel and remand for a time consuming inquiry as to a

---

**2.**  Additionally, the reality of tactical decision making by counsel and client enters into the totality of the circumstances surrounding the voluntariness of waiver, *Commonwealth v. Shaffer,* supra.  DeGeorge was convicted of possession with intent to deliver and criminal conspiracy on evidence that a substantial amount of cocaine was seized from his personal residence, the attempted suppression of which was unsuccessful, and upon the testimony of several undercover and police operatives.  It cannot be ignored that the obvious defense strategy in this type of case is to seek suppression of the physical evidence establishing possession.  The suppression motion having been denied, it is necessary to go to trial in order to secure appellate review of the suppression issues.  No appellate review, of course, will be had if the defendant enters a plea of guilty.  Obviously, to preserve the issues raised in suppression for appellate review, the defendant must undergo a criminal trial, jury or non-jury.  Jury trial was not necessary to preserve the key issues in this case.

waived issue. Faithful adherence to our existing rules would better serve the objectives the majority purports to advance, rather than an unwise innovation in an area where change is not needed. I am therefore compelled to register my dissent.

The right to trial by jury of one accused of a crime is a basic tenet of American jurisprudence and traditionally respected in this Commonwealth. U.S. Const. amend. 6; Pa. Const. art. 1, §§ 6, 9; *Commonwealth v. Reed*, 488 Pa. 221, 412 A.2d 477 (1980); *Commonwealth v. Greene*, 483 Pa. 195, 394 A.2d 978 (1978); *Commonwealth v. Hooks*, 483 Pa. 40, 394 A.2d 528 (1978); *Commonwealth v. Banks*, 465 Pa. 387, 350 A.2d 819 (1976); *Commonwealth v. Boyd*, 461 Pa. 17, 334 A.2d 610 (1975); *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973). Flowing from that premise it has been universally concluded that the defendant, not trial counsel, must make the ultimate decision as to whether the right to trial by jury is to be waived in a given case. *Commonwealth v. Boyd, supra; Commonwealth v. Stokes*, 450 Pa. 167, 299 A.2d 272 (1973); *Commonwealth v. Williams*, 310 Pa.Super. 501, 456 A.2d 1047 (1983). It is also accepted that a waiver of a basic fundamental right, by a defendant in a criminal trial, must be knowingly and intelligently made. *North Carolina v. Butler*, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979); *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Escobedo v. Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Commonwealth v. Hines*, 496 Pa. 555, 437 A.2d 1180 (1981); *Commonwealth v. Cathey*, 477 Pa. 446, 384 A.2d 589 (1978); *Commonwealth v. Hughes*, 477 Pa. 180, 383 A.2d 882 (1978); *Commonwealth v. Stokes, supra; Commonwealth v. Cornitcher*, 447 Pa. 539, 291 A.2d 521

(1972); *Commonwealth v. Jones*, 447 Pa. 228, 286 A.2d 892 (1971).

From this lemma this Court in *Commonwealth v. Williams, supra,* identified those factors of which a defendant should be apprised in order to make a knowing and intelligent decision.[1] To implement the inquiry where the validity of the waiver was in question we placed upon the trial judge the responsibility of ascertaining from the defendant prior to the acceptance of the proffered waiver whether he or she fully understood the significance of the waiver. Pa.R. Crim.P. 1101; *Commonwealth v. Smith*, 498 Pa. 661, 450 A.2d 973 (1982); *cf. Commonwealth v. Schultz*, 505 Pa. 188, 194–195, 477 A.2d 1328, 1331 (1984) (Nix, C.J., concurring); *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). To facilitate the review of a subsequent challenge to such a waiver we additionally required by rule that the judge's inquiry as to the knowing and intelligent waiver should be made part of the record.[2]

The direction that the waiver of trial by jury by the defendant must be a knowing one is constitutionally mandated and this Court must abide by that directive. *Commonwealth v. Hooks, supra; Commonwealth v. Williams,* supra; *Commonwealth v. Stokes, supra.* It was within the supervisory power of this Court to elect between a "totality of the circumstances" approach, which previously had been used in this jurisdiction, and an inquiry confined to the record in determining whether the waiver was knowingly and intelligently offered. In my judgment the decision to

1. In *Commonwealth v. Williams* we held that the essential ingredients of the right to trial by jury were: that the jury would be selected from members of the community, that the verdict rendered must be unanimous, and that the defendant would be allowed to participate in the selection of the members to serve on that body. *Commonwealth v. Williams*, 454 Pa. 368, 373, 312 A.2d 597, 600 (1973).

2. Rule 1101 of the Pennsylvania Rules of Criminal Procedure provides in pertinent part:

> The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record.
> Pa.R.Crim.P. 1101.

abandon the "totality of the circumstances" approach served judicial economy and enhanced the fact finding process.[3] The recent clamor for a reversion to the former rule is misguided in that it provides no benefit to compensate for the loss it would occasion.

The rationalization offered to justify reverting back to former practice is that Rule 1101 *might* cause the award of a new trial in some few cases where the Commonwealth could produce evidence not on record to establish the defendant's knowledge at the time of the entry of the waiver.[4] This reason ignores that compliance with the rule completely eliminated the problem. The dictate of Rule 1101 is in no way onerous and the failure of a jurist to fulfill this responsibility is without justification. To abandon this salutary rule because a jurist may on an occasion through oversight fail to fulfill this obligation defies reason.

The urging of the utilization of the "totality of the circumstances" approach in recent years has been in cases where there was a claim of the inadequacy of the colloquy. *Commonwealth v. Schultz, supra; Commonwealth v. Anthony,* 504 Pa. 551, 475 A.2d 1303 (1984); *Commonwealth v. Martinez,* 499 Pa. 417, 453 A.2d 940 (1982); *Commonwealth v. Gardner,* 499 Pa. 263, 452 A.2d 1346 (1982); *Commonwealth v. Smith, supra; Commonwealth v. Shaffer,* 498 Pa. 342, 446 A.2d 591 (1982). Here the problem is the total absence of a colloquy. Moreover, in many of those

3. Comparing the obligation imposed under Rule 1101 against the time consuming inquiry involved in a "totality of the circumstances" approach, there is little question as to the advisability of the former from the judicial economy standpoint. Moreover, where the colloquy appears on the record and is clearly adequate the viability of the finding of an acceptable waiver is beyond challenge. Where the "totality of the circumstances" is employed the reliability of the ultimate finding is always subject to question.

4. Rule 1101 does not expressly provide a sanction for non-compliance. However, our case law has recognized that allowance of an inquiry beyond the record would render the rule meaningless. *See Commonwealth v. Smith,* 498 Pa. 661, 450 A.2d 973 (1982); *cf. Commonwealth v. Schultz,* 505 Pa. 188, 194–195, 477 A.2d 1328, 1331 (1984) (Nix, C.J., concurring); *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974).

cases where the inadequacy of the colloquy was charged other portions of the *trial* record demonstrated the defendant's knowledge of the alleged missing ingredient. *Commonwealth v. Schultz, supra; Commonwealth v. Martinez, supra; Commonwealth v. Smith, supra; Commonwealth v. Shaffer, supra.* Thus, although there was not a literal compliance with Rule 1101 since the information was not contained in the colloquy itself, we were nevertheless not required to go beyond the record of that trial to find the alleged missing ingredient. I have no quibble when the information appears in the record although not in the colloquy itself. *Commonwealth v. Schultz, supra,* 505 Pa. at 194–195, 477 A.2d at 1332 (Nix, C.J., concurring). I do have serious objections in cases such as the one presently before the Court where there is no colloquy and the entire area of inquiry must be satisfied from facts *dehors* the record.

I understand the fear of some of my colleagues that a strict compliance with an on-the-record colloquy approach may result in a few "technical" reversals. However, if our rules relating to the preservation of issues are properly applied that fear is without basis. This case provides a perfect illustration of that point.

Our rules require a prompt objection or the issue is waived. *See, e.g., Commonwealth v. Butts,* 495 Pa. 528, 434 A.2d 1216 (1981); *Commonwealth v. Preston,* 488 Pa. 311, 412 A.2d 524 (1980); *Commonwealth v. Ford,* 472 Pa. 542, 372 A.2d 821 (1977); *Commonwealth v. Gilman,* 470 Pa. 179, 368 A.2d 253 (1977); *Commonwealth v. Sweeney,* 464 Pa. 425, 347 A.2d 286 (1975); *Commonwealth v. Tervalon,* 463 Pa. 581, 345 A.2d 671 (1975); *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974). In this case the omission should have been noted at the time of the entry of the waiver. Once an issue is waived it cannot be considered absent a showing that the preclusion of the issue resulted from counsel's ineffectiveness. *Commonwealth v. Connolly,* 478 Pa. 117, 385 A.2d 1342 (1978).

Here the basis offered, and accepted by the majority, for a finding of ineffectiveness was trial counsel's failure to promptly object to the court's non-compliance with Rule

1101. Clearly this did not provide a proper basis for a finding of counsel's incompetency. The seminal test of the effectiveness of counsel is whether the challenged conduct or omission was designed to serve the best interest of his client. *Commonwealth v. D'Ambro,* 500 Pa. 303, 456 A.2d 140 (1983); *Commonwealth v. Upsher,* 497 Pa. 621, 444 A.2d 90 (1982); *Commonwealth v. Smallwood,* 497 Pa. 476, 442 A.2d 222 (1982); *Commonwealth v. Johnson,* 496 Pa. 546, 437 A.2d 1175 (1981); *Commonwealth v. Jones,* 496 Pa. 448, 437 A.2d 958 (1981); *Commonwealth v. Butler,* 495 Pa. 82, 432 A.2d 590 (1981); *Commonwealth v. Roman,* 494 Pa. 440, 431 A.2d 936 (1981); *Commonwealth v. Miller,* 494 Pa. 229, 431 A.2d 233 (1981). It is ludicrous to argue that counsel was ineffective for failing to cure a defect in the record that might subsequently provide a basis for a retrial in the event of an adverse verdict or a disappointing sentence.[5] *See Commonwealth v. Preston, supra; Commonwealth v. Smith,* 464 Pa. 314, 346 A.2d 757 (1975). Thus I would hold that appellee did not demonstrate ineffective assistance of counsel, that the issue of the jury waiver is waived, and that the order of the Superior Court should be reversed and the case remanded to that court to dispose of the remaining questions raised in the appeal thereto.

HUTCHINSON, Justice, dissenting.

I dissent.

Rule 1101 of the Pennsylvania Rules of Criminal Procedure provides, in relevant part:

[5.] I concede that *Commonwealth v. Morin,* 477 Pa. 80, 383 A.2d 832 (1978), should be overruled. In that decision we erroneously assumed that trial counsel should have raised the question of the inadequacy of the colloquy in the post verdict motion. *Id.,* 477 Pa. at 86, 383 A.2d at 834–35. That assumption ignores that a timely objection should have been noted at the time of the entry of the waiver colloquy.

A valid claim of ineffective trial counsel could have been established if it had been shown that the defendant was in fact unaware of his rights *and that counsel did not advise him of those factors pertinent to his election to waiver trial by jury.* If such a claim had been raised and proven then a retrial would clearly be justified and constitutionally mandated. *Cf. Commonwealth v. Carson,* 503 Pa. 369, 372, 469 A.2d 599, 600 (Nix, C.J., concurring).

> In all cases the defendant may waive a jury trial with the consent of his attorney, if any, and approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury. *The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record.*

(Emphasis supplied.)

It is undisputed that the clear mandate of this rule was not followed in this case. As the Chief Justice points out in his dissenting opinion, "[t]he dictate of Rule 1101 is in no way onerous, and the failure of a jurist to fulfill this responsibility is without justification." Dissenting Opinion of Nix, C.J., at 1093. Since there was no record colloquy in this case, and since we lack even a PCHA hearing record from which to ascertain whether defendant's waiver of a jury trial was knowing, I cannot agree with the majority. Until Rule 1101 is repealed or amended by this Court, I believe it must be followed. I would affirm Superior Court.

In this regard, I would note that this Court has all too commonly adopted procedural rules, only to fail to follow them when exercising its decisional function. Unless the Federal or state constitution requires abrogation of a rule adopted by this Court, I would require that rule to be followed unless and until we amend or repeal it. Our rule-making function is legislative in nature. The rules promulgated pursuant to that function are entitled to the same respect as are enactments of the legislature. They should receive that respect from all levels of the judicial system, including this Court.

Some colloquy on the part of the trial judge, on the record, is desirable to show that a defendant was advised of his constitutional rights. This is the rationale behind *Ingram* and *Williams.* The *extent* of the colloquy generally necessary to insure a knowing waiver may be subject to dispute. Perhaps the record colloquy may be abbreviated without harm where there is a detailed, signed, written

waiver, as in *Commonwealth v. Smith*, 498 Pa. 661, 450 A.2d 973 (1982). However, that there should *be* a colloquy, and that it should be *on the record,* has not been recently questioned.

Finally, I would add a note to Mr. Justice Zappala's distinguishing of the cases cited by the majority. *See* Dissenting Opinion of Zappala, J. Of all the cases cited, only *Commonwealth v. Smith, supra,* involved a direct attack (i.e., in a direct appeal) on an allegedly defective colloquy. All of the other cases involved collateral attacks, either by PCHA petition (*Martinez, Gardner, Carson, Anthony*) or by post-sentence petition to withdraw the guilty plea (*Shaffer, Schultz*). We have allowed beyond-the-record investigation only in cases of collateral attack. The exception noted (*Smith*) involved a highly detailed waiver form explaining all the necessary elements for a knowing waiver, with the form itself part of the record. On direct appeals, we can remedy an *Ingram* violation by remanding the case for a new trial. Indeed, with no record upon which to make a determination of whether the waiver was knowing, we have no effective alternative. Collateral attacks, however, provide us with a record of the hearing held pursuant to the petition filed, and the issues of waiver, ineffective assistance of counsel, etc. have been addressed below and can be reviewed by our Court. Such a hearing also gives the Commonwealth an opportunity to show that the waiver was knowing.

This case, a direct appeal, where there has been no on the record colloquy and no attempt to determine whether the jury waiver was knowing, would require a factual investigation, wholly beyond the record. Under these circumstances, I believe the remedy mandated judicially by *Ingram* and in a manner analogous to legislative action by Rule 1101 should be followed until they are modified. I would affirm Superior Court's order granting defendant a new trial.

ZAPPALA, Justice, dissenting.

I dissent. Without explicitly stating so this Court today overrules *Commonwealth v. Morin*, 477 Pa. 80, 383 A.2d

832 (1978), and adopts the result urged by Justice Pomeroy in his Dissenting Opinion in that case. This overruling of precedent is accomplished not by reasoned analysis but by simple citation to cases whose facts are clearly distinguishable from those present in *Morin* and in the case at bar.

In *Morin,* the Court considered a waiver-of-jury colloquy which was devoid of *any* explanation of the essential elements of a jury trial. We rejected the argument that in the case of a colloquy so inadequate an evidentiary hearing, rather than a new trial, was the appropriate remedy. Instead, we followed the reasoning which had been developed in waiver-of-trial (guilty plea) cases such as *Commonwealth v. Kulp,* 476 Pa. 358, 382 A.2d 1209 (1978) and *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974), and reiterated that " 'there can be no excuse for a hearing court to have failed to recognize the need of an adequate *on the record colloquy* reflecting a knowledgeable and intelligent waiver.' " 477 Pa. at 87, 383 A.2d at 835, quoting *Commonwealth v. Kulp,* 476 Pa. at 363, 382 A.2d at 1212 (emphasis in original).

The Majority views this Court as having already departed from the remedy mandated by *Ingram* in cases subsequent to *Morin.* I do not so read the cases. In each of the cases cited by the Majority, we examined the "totality of the circumstances" surrounding the waiver involved to determine whether other matters of record could substitute for or "cure" a missing element in an otherwise adequate colloquy. Thus in *Commonwealth v. Shaffer,* 498 Pa. 342, 446 A.2d 591 (1982) we held that the appellant had not demonstrated a manifest injustice based on the lack of an explanation of the elements of the crimes charged, because the Commonwealth had already presented its entire case prior to the colloquy. The appellant was, therefore, clearly aware of the evidence available to the Commonwealth and the purpose of the missing element of the colloquy was clearly served by other matters on the record. Similarly in *Commonwealth v. Martinez,* 499 Pa. 417, 453 A.2d 940 (1982) a lengthy colloquy took place but no recitation of the

elements of the crimes or explanation of malice as an element of third degree murder was made. The Commonwealth had, however, recited the charges and the factual basis for them and produced ample, competent evidence in the presence of the defendant. Most recently in *Commonwealth v. Schultz*, 505 Pa. 188, 477 A.2d 1328 (1984), despite dictum indicating that the *per se* approach of *Ingram* had been abrogated, it was only necessary for the Court in deciding the case to determine that the evidence of record sufficed to supply the information missing from an otherwise adequate colloquy.

*Commonwealth v. Gardner*, 499 Pa. 263, 452 A.2d 1346 (1982) was a hybrid of waiver-of-jury and guilty plea cases. There, the appellant sought post-conviction relief from his guilty plea on the grounds that the jury-waiver portion of his plea colloquy was defective and his counsel was ineffective for not appealing on that ground. The defect cited was the failure of the court to explain to the defendant that he could participate in the jury selection or that the jury would be selected from the community. Because the case came before this Court after a PCHA hearing had been held, there was testimony on the record that these missing elements of the colloquy had been explained to the defendant by his counsel.

In *Commonwealth v. Smith*, 498 Pa. 661, 450 A.2d 973 (1982), although the on-record colloquy did not contain an explanation of the essential elements of a jury trial, the written form signed by the defendant included an explanation of all those elements. In *Commonwealth v. Carson*, 503 Pa. 369, 469 A.2d 599 (1983), the only element missing from the colloquy was that the jury would be chosen from among members of the community. As in *Gardner*, the case was in the posture of an appeal from denial of post-conviction relief, and a hearing had been held below from which it was clear that the defendant had understood all the elements of the jury trial he was waiving. Finally, in *Commonwealth v. Anthony*, 504 Pa. 551, 475 A.2d 1303 (1984), the sole element lacking in an extensive colloquy was an explanation that a jury verdict must be unanimous.

460

This lengthy review of the cases cited by the Majority is necessary to demonstrate that this Court has previously engaged in a review of the "totality of the circumstances" only where a colloquy appears on the record but is lacking in a particular element. It is a giant leap to authorize such a review in the circumstances of this case where there is no colloquy at all. It is, I fear, a leap fraught with danger, for by permitting examination of evidence outside the record in cases where no colloquy has taken place, the Court has dismantled the structure of Rule 1101 and left a mere facade.

I would affirm the order of the Superior Court.