579 A.2d 878

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Robert DANIELS, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 11, 1990.

Decided Sept. 20, 1990.

Francis M. Socha, for appellant.

Deborah S. Essis, Deputy Dist. Atty., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## ORDER

PER CURIAM.

Appeal dismissed as having been improvidently granted.

NIX, C.J., files a dissenting opinion.

NIX, Chief Justice, dissenting.

In this case the trial judge failed to comply with the requirement set forth in Rule 319, Pa.R.Crim.P. 319. Instead of placing on the record his inquiry into the voluntariness of appellant's guilty plea, he merely admitted into the record appellant's guilty plea colloquy sheet. Slip op. at 3. This procedure clearly does not comport with the process explicitly mandated by Rule 319,[1] and we should not condone the trial court's cavalier departure from that process.

Of significant concern in this matter is the defendant's allegation that he was informed by his attorney that he would be permitted to withdraw his guilty plea if he were sentenced beyond the one-to-five-year term his attorney expected. In *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974), we stressed the importance of conducting a colloquy in the presence of the court, noting that "the essential element is ... a recorded demonstration that the defendant is fully aware of the ramifications of his action...." *Ingram*, 455 Pa. at 200, 316 A.2d at 78. In the absence of a record colloquy, it is impossible to ascertain the veracity of the defendant's claims. Thus, the impor-

---

1. Rule 319. PLEA AND PLEA AGREEMENTS

    (a) Generally. Pleas shall be taken in open court. A defendant may plead not guilty, guilty, or, with the consent of the court, *nolo contendere*. The judge may refuse to accept a plea of guilty, and shall not accept it unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. *Such inquiry shall appear on the record* .... (Emphasis added.)

tance of the *Ingram* procedure is plainly underscored in the instant matter by the trial court's failure to adhere to it.

The problems inherent in a deviation from the mandate of Rule 319 were illustrated in *Commonwealth v. DeGeorge,* 506 Pa. 445, 485 A.2d 1089 (1984), wherein the failure to record a colloquy necessitated a remand for an evidentiary determination of the defendant's ineffectiveness claims.[2] However, even in *DeGeorge* the error can be distinguished because the right waived was to a jury trial as opposed to a bench trial. In the instant matter, the defendant has waived his right to any kind of trial without a recorded determination of the voluntariness of the waiver. This occurrence should not be sanctioned.

Therefore, I cannot join the entry of an order dismissing the appeal as improvidently granted. I dissent.

**2.** In *Commonwealth v. DeGeorge,* 506 Pa. 445, 485 A.2d 1089 (1984), the Court established a procedure whereby a failure to supply a colloquy of record could be remedied by a remand for an evidentiary hearing rather than an entirely new guilty plea proceeding. The inadequacy of this procedure is graphically demonstrated by the instant facts, where an evidentiary hearing would be helpful only if trial counsel were to refute the defendant's allegations. Even though a hearing was conducted, counsel did not dispute that allegation.