J-A19030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                            :  PENNSYLVANIA
                                            :
                v.                    :
                                            :
A.G.,                            :
                                            :
            Appellant         :  No. 3547 EDA 2016

Appeal from the Judgment of Sentence September 6, 2016
In the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0002181-2014

BEFORE: BENDER, P.J.E., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:          **FILED SEPTEMBER 08, 2017**

Appellant, A.G.,[1] appeals from the Judgment of Sentence entered by the Northampton County Court of Common Pleas following his conviction by a jury of Indecent Assault of a Person Under 13 Years and Corruption of Minors.[2]  After careful review, we affirm.

The relevant facts, as gleaned from the certified record and the trial court's Pa.R.A.P. 1925(a) Opinion, are as follows.  On June 19, 2014, Appellant was arrested and charged with Indecent Assault and Corruption of Minors for his repeated sexual abuse of his granddaughter, M.G.

---

[1] In an effort to protect the victim's privacy, we have redacted Appellant's name.

[2] 18 Pa.C.S. §§ 3126(a)(7) and 6301(a)(1).

Appellant elected to proceed to a jury trial, where the Commonwealth presented the testimony of, *inter alia*, the victim, her mother, and the victim's high school art teacher Megan Reenock ("Reenock"). Evidence presented by the Commonwealth showed that Appellant's sexual abuse of his granddaughter took place over a six-year period while she was between the ages of four and ten. Appellant would alternatively induce the victim's cooperation by promising rewards or threatening to kill her family members if she told anyone about the abuse.

In his defense at trial, Appellant sought to persuade the jury that the victim's home life was troubled, and that she had fabricated the allegations against Appellant "as a way to gain attention." Appellant's Brief at 16. He elicited testimony from the victim, the victim's mother, and Reenock on cross-examination showing that the victim came forward with her allegations during her parents' contentious divorce, when she was so unhappy living with her mother that she spent the Thanksgiving holiday with Reenock.

The jury was unpersuaded by Appellant's theory, and on the second day of their deliberations they convicted Appellant of Indecent Assault and Corruption of Minors.

The trial court deferred sentencing and ordered a presentence investigation ("PSI"), a psychosexual evaluation, and a Sexually Violent Predator ("SVP") Assessment. On September 6, 2016, the trial court held an SVP hearing, where the trial court heard testimony from multiple witnesses

for Appellant and the Commonwealth. Crediting the expert testimony of the Commonwealth's expert, the trial court concluded that, by clear and convincing evidence, Appellant is an SVP pursuant to 42 Pa.C.S. § 9799.24. The trial court went on to sentence Appellant to two consecutive terms of twenty-four to sixty months of imprisonment, for an aggregate term of four to ten years of imprisonment.

Appellant filed a Post-Sentence Motion challenging the discretionary aspects of his sentence, and requesting a new trial based on various allegations of trial court error and prosecutorial misconduct. The trial court denied the Motion by Order filed November 7, 2016.

Appellant filed a timely Notice of Appeal on November 15, 2016. The trial court and Appellant both complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues:

[1.] Did the trial court err in denying [] Appellant's request for a new trial based on [(i)] the court's rulings during *voir dire*[; (ii)] the court's refusal to permit cross-examination into relevant areas of inquiry[; (iii)] the improper closing argument by the Commonwealth[;] and [(iv)] the undue emotional involvement of all jurors in this case?

[2.] Should the [Superior] Court review [] Appellant's challenge to the discretionary aspects of his sentence where he has (a) met the technical requirements for discretionary review under Rule 2119(f)[,] and (b) raised a "substantial question" as to whether the resentencing court abused its discretion?

[3.] The sentencing court imposed consecutive sentences of 24 to 60 months in state prison, more than twice the upper end of the aggravated range. In so doing, the court discounted a number of mitigating factors, including [] Appellant's age and declining health, familial and community support, and lack of

prior criminal history. Should the [Superior] Court vacate this *de facto* life sentence and remand the matter for re-sentencing with instructions?

Appellant's Brief at 4.

Appellant's first issue is comprised of four discrete claims, which we will address in turn.

## Jury Selection

In his first issue, Appellant avers that the trial court erred during *voir dire* by refusing to strike venirewoman number 20 ("Venirewoman 20"), and in striking venirewoman number 37 ("Venirewoman 37") for cause. Both venirewomen disclosed that they had been the victims of sexual abuse.

The jury selection process is crucial to the preservation of a criminal defendant's right to an impartial jury explicitly guaranteed by Article I, section 9 of the Pennsylvania Constitution. *Commonwealth v. Ingber*, 531 A.2d 1101, 1102 (Pa. 1987). Our courts "do not expect jurors to be free from all prejudices, however; rather, the law requires them to be able to put aside their prejudices and determine guilt or innocence on the facts presented." *Commonwealth v. Smith*, 540 A.2d 246, 256 (Pa. 1988). *See also Commonwealth v. Penn*, 132 A.3d 498, 502 (Pa. Super. 2016) (noting that the test of disqualification is the juror's ability and willingness to eliminate the influence of his or her scruples and render a verdict according to the evidence). "The burden of proving that a venireman should be excused for cause is on the challenger who must demonstrate that he or she

possesses a fixed, unalterable opinion that would prevent him or her from rendering a verdict based solely on the evidence and the law." **Smith, supra** at 256.

The decision whether to disqualify a venireperson "is to be made by the trial judge based on the juror's answers and demeanor and will not be reversed absent a palpable abuse of discretion." **Penn, supra** at 502**.** (citation omitted).

In the instant case, Venirewoman 20 disclosed during *voir dire* that she had been sexually abused by her uncle when she was a child. As the trial court explained, "[Venirewoman] 20 gave credible responses indicating that, while she felt some nervousness at the prospect of hearing the testimony in this case, she could set aside her personal experiences and be fair and impartial in hearing [Appellant's] case. The [trial court] found [Venirewoman] 20 to be honest and forthright about her hesitation, as well as her assurance that she would be fair to [Appellant] and not allow her experiences to color her verdict." Trial Court Opinion, filed 11/7/16, at 3-4 (citing N.T.).

Our review of the record reveals that Venirewoman 20 repeatedly assured the trial court that she "can be fair." N.T., 4/4/16, at 75; **see id.** at 74, 76. The trial court, hearing her answers and observing her demeanor, found Venirewoman 20 credible. We discern no "palpable abuse of discretion" that would warrant reversing the trial court's proper use of its

discretion. **Penn, supra** at 502. Therefore, we conclude Appellant's claim regarding Venirewoman 20 is without merit.

Appellant's claim regarding Venirewoman 37 is waived, as Appellant failed to include it in his Pa.R.A.P. 1925(b) Statement. **See Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) ("Any issues not raised in a Pa.R.A.P. 1925(b) [S]tatement will be deemed waived."). In his Pa.R.A.P. 1925(b) Statement, Appellant specifically identified the trial court's ruling regarding Venirewoman 20, but made no mention of Venirewoman 37. **See** Pa.R.A.P. 1925(b) Statement, filed 11/22/16, at 3 ("During *voir dire*, the [trial court] refused to strike [Venirewoman 20] for cause despite compelling reasons for doing so, forcing [Appellant] to exercise a peremptory challenge."). Therefore, this claim is waived.

Even if Appellant had properly raised his challenge to Venirewoman 37, we would conclude it has no merit. Our review of the record indicates good cause supported the trial court's decision to strike Venirewoman 37. During *voir dire*, Venirewoman 37 stated that she "had been the victim of sexual assault by a boyfriend as a teen, indicated that she could not be fair and impartial, insofar as her life experience would color her verdict, and [stated that] she would be too emotional in considering the memories of her own assault as she heard the evidence and attempted to render a verdict." Trial Court Opinion at 4. She indicated that she had already formed an opinion regarding the victim's credibility based on the victim's delay in

reporting the abuse. When asked if she could be fair, she initially stated "I don't know," and later indicated that she did not think she could be fair and impartial. N.T., 4/4/16 at 98-99. Based on her responses, the trial court determined that Venirewoman 37 "would be unable to render a verdict based solely upon the evidence and the law presented to her." Trial Court Opinion at 4. We discern no "palpable abuse of discretion" and, therefore, would find this claim to be without merit if Appellant had properly preserved it.

### Cross-Examination of Reenock

In his second issue, Appellant avers that the trial court erred in limiting the scope of his cross-examination of Reenock, the victim's high school art teacher, regarding statements the victim allegedly had made about her contentious relationship with her mother.

Pennsylvania Rule of Evidence 611(b) addresses the scope of cross-examination, stating: "Cross-examination of a witness other than a party in a civil case should be limited to the subject matter of the direct examination and matters affecting credibility, however, the court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination." Pa.R.E. 611(b). **See also** Daniel J. Anders, Ohlbaum on the Pennsylvania Rules of Evidence § 611.08[1] et seq. (2017 ed. LexisNexis Matthew Bender). "Cross-examination may be employed to test a witness' story, to impeach credibility, and to establish a witness's motive for

testifying." ***Commonwealth v. Chmiel***, 889 A.2d 501, 527 (Pa. 2005) (citation omitted).

"The scope of cross-examination is within the trial court's discretion, and this Court cannot disturb the trial court's determinations absent a clear abuse of discretion or an error of law." ***Commonwealth v. Ramtahal***, 33 A.3d 602, 609 (Pa. 2011) (citation omitted).

"In determining the scope of cross-examination the trial court may consider 'whether the matter is collateral, whether the cross-examination would be likely to confuse or mislead the jury, and whether it would waste time.'" ***Commonwealth v. Brinton***, 418 A.2d 734, 736 (Pa. Super. 1980) (citation omitted). However, even where a trial court errs in limiting the scope of cross-examination, a defendant is not entitled to relief where:

> (1) the error did not prejudice the defendant or the prejudice was *de minimis*; (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

***Commonwealth v. Ballard***, 80 A.3d 380, 398-99 (Pa. 2013).

In the instant case, Appellant sought to question Reenock about whether the victim had accused her mother of specific instances of misconduct, including drinking excessively and stealing money from the victim's purse. Appellant's Brief at 16. Appellant argued that this testimony was relevant to establish that the victim had a contentious relationship with

her mother and, therefore, a motive to fabricate her grandfather's sexual abuse "as a way to gain attention." *Id.*

The trial court determined that these specific instances of misconduct should be excluded because, although "arguably relevant" to Appellant's defense theory, there was a "very high risk" that the evidence would confuse and mislead the jury. Trial Court Opinion at 6-7. The victim's mother also testified on behalf of the Commonwealth, and the trial court concluded that there was a "high danger" that the jury would misuse this information about her alcohol use to improperly discredit her testimony. *Id.* *See also Commonwealth v. Sasse*, 921 A.2d 1229, 1238 (Pa. Super. 2007) (excluding testimony regarding a witness's prior alcohol abuse and promiscuity in light of the danger it would be used to improperly discredit the witness's testimony).

Moreover, as the trial court noted, Appellant was not prejudiced by the trial court's ruling, and the testimony would have been cumulative of the myriad of other evidence Appellant presented to establish the strained relationship between the victim and her parents.

> [Appellant] was able to establish [his] defense [based on the troubled relationship between the victim and her mother] through various other testimony, however, including in [Appellant's] cross-examination of [the victim] herself, in which she testified that her parents were going through a very bitter divorce during which her mother had accused her father of an affair, that [the victim] made complaints to others about her mother, and that [the victim] was unhappy living with her mother. . . . Furthermore, on cross-examination of [] Reenock, [Appellant] established that [the victim] was upset about her

relationship with her mother, that [the victim] felt she was alone at home a lot, and that the relationship between [the victim] and her family was sufficiently strained that [the victim] spent Thanksgiving 2013 at the home of [] Reenock, her teacher, rather than with her own family. All of this testimony, taken together, did tend to establish that [the victim] had a troubled relationship with her family at the time just prior to the revelation of her abuse by [Appellant]. [Appellant] was not precluded from establishing this defense.

Trial Court Opinion at 5-6 (record citations omitted).

After a careful review of the record, we conclude that the trial court did not abuse its discretion in finding an undue risk that the jury would be confused or misled by Reenock reporting the victim's hearsay complaints about specific instances of her mother's misconduct.[3] Moreover, we agree with the trial court that Appellant was not prejudiced by the trial court's ruling.

**Prosecutorial Misconduct**

In his third issue, Appellant avers that the Commonwealth's attorney committed prosecutorial misconduct during his closing argument. Namely, he asserts that the prosecutor sought to improperly inflame the passions of the jury when he said:

These crimes happen in secret. These perpetrators do it to get away with it. Do you want anybody in your community knowing you're a child molester?

_____

[3] As the Commonwealth notes, Appellant does not argue a hearsay exception that would permit Reenock to testify to statements that the victim made accusing her mother of drinking too much or taking money from her purse. Commonwealth's Brief at 11.

- 10 -

Appellant's Brief at 17-18. **See also** N.T., 4/6/16, at 19. Appellant waived this claim by failing to object to the comments at trial.

Our Pennsylvania Rules of Appellate Procedure and our case law provide the well-established requirements for preserving a claim for appellate review. It is axiomatic that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "The absence of a contemporaneous objection below constitutes a waiver" of the claim on appeal. **Commonwealth v. Powell**, 956 A.2d 406, 423 (Pa. 2008). This preservation requirement extends to allegations of prosecutorial misconduct during closing arguments. **See Commonwealth v. Butts**, 434 A.2d 1216, 1219 (Pa. 1981) (finding waiver of prosecutorial misconduct claim where defendant failed to object during or immediately after closing arguments); **Commonwealth v. Adams**, 39 A.3d 310, 319 (Pa. Super. 2012) (same).

In the instant case, Appellant failed to object to the prosecutor's comments during the Commonwealth's closing argument or thereafter. This claim is, therefore, waived.[4]

---

[4] Moreover, the prosecutor's statement, that people who sexually abuse children do so in secret, was a fair response to Appellant's argument in closing that community members who testified as character witnesses on Appellant's behalf had not seen "signs" of the abuse. **See Commonwealth v. Chmiel**, 30 A.3d 1111, 1181 (Pa. 2011) (explaining that prosecutors are permitted to "provide fair rebuttal to defense arguments" even if the fair rebuttal might be "otherwise improper[.]").

### "Undue" Emotional Involvement of the Jury

In his fourth issue, Appellant avers that "his trial was infected by extreme emotions that prevented the jury from reaching a dispassionate result based solely on the evidence." Appellant's Brief at 18-19.

In particular, Appellant points to an incident that occurred at the close of the first day of the jury's deliberations, when the trial court brought the jury into the courtroom and stated:

> I received word that you felt that you were at an impasse and that you were hoping to go home for the evening and that's fine with me. I understand that emotions are running high, some people have been visibly upset by this process, it's been a difficult process and it's an important case.

N.T., 4/6/16, at 78. Outside the presence of the jury, Appellant inquired into the trial court's comments, and the trial court informed the parties that a member of the court's staff had seen two of the jurors crying in the bathroom. *Id.* at 80-81.

During that discussion, Appellant did not object in any way or request that the court declare a mistrial based on the "extreme emotions" of the jurors. Nor did he raise the issue with the trial court when they returned the next morning to continue deliberations.

As discussed *supra*, any issue not timely raised before the trial court is deemed waived. In the instant case, Appellant elected to sit silently and permit the jury to render their verdict, and only complained of the jurors' overly-emotional states when the jury rendered a verdict that was not in his

favor. We conclude that Appellant waived this claim when he failed to raise an objection or request a mistrial in a timely manner.

### **Discretionary Aspects of Sentence**

Appellant's final two claims are a single challenge to the discretionary aspects of his sentence. In particular, he avers that the sentence of four to ten years' incarceration imposed by the trial court is "an unduly punitive *de facto* life sentence" that "disproportionately emphasizes the gravity of these ugly but not atypical crimes[.]" Appellant's Brief at 22-23.

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. ***Commonwealth v. Hunter***, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[]. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted).

In the instant case, Appellant has satisfied the first three requirements by filing a timely Notice of Appeal, properly preserving the issue in a Post-

Sentence Motion to modify his sentence, and by including a Rule 2119(f)

Statement in his Brief to this Court.

As to whether Appellant has presented a substantial question, we

note:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations

and quotation marks omitted).

The Commonwealth concedes that Appellant's claim—that the trial

court imposed a manifestly excessive sentence when it imposed two

consecutive terms, each more than twice the aggravated range of the

Sentencing Guidelines—raises a substantial question.[5] We agree.

---

[5] In his Brief, Appellant makes passing reference to a number of other claims regarding his sentence, none of which he develops or supports with references to case law in any way. *See, e.g.*, Appellant's Brief at 28-29 (arguing that the trial court's sentence "indirectly punishes" Appellant's family by "permanently depriving them of [Appellant's] presence"). To the extent these claims are distinct from Appellant's general claim that his sentence is manifestly excessive as "disproportionate" to the offense committed, these claims are waived. *See Commonwealth v. Charleston*, 94 A.3d 1012, 1021 (Pa. Super. 2014) (finding waived claimed that an appellant fails to properly develop in his Brief as required by the rules of this Court); *see also* Pa.R.A.P. 2119(b) (requiring citations of legal authorities).

Accordingly, we turn to the merits of Appellant's claim, mindful of our standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted).

Appellant avers that the sentence imposed was "manifestly excessive" and "disproportionate" to what he considers a "common" fact pattern. Appellant's Brief at 30. According to Appellant, the Sentencing Guidelines adequately address all relevant factors in the instant case, and the sentencing court therefore erred by deviating above the aggravated range. *Id.* at 31.

Where a trial court imposes a sentence outside of the sentencing guidelines, 42 Pa.C.S. § 9721(b) requires the trial court to provide, in open court, a "contemporaneous statement of reasons in support of its sentence." *Commonwealth v. Bowen*, 55 A.3d 1254, 1264 (Pa. Super. 2012). To satisfy the requirements of Section 9721(b), the trial court must:

> demonstrate on the record, as a proper starting point, its awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the

- 15 -

gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as it also states of record the factual basis and specific reasons which compelled it to deviate from the guideline range.

*Id.* (brackets and citation omitted).

The on-the-record disclosure requirement does not require the trial court to make "a detailed, highly technical statement." **Commonwealth v. Hunzer**, 868 A.2d 498, 514 (Pa. Super. 2005). Where the trial court has the benefit of a presentence investigation ("PSI"), this C has held that "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009) (discussing **Commonwealth v. Devers**, 546 A.2d 12, 18-19 (Pa. 1988)). Where the trial court has reviewed the PSI, it may properly "satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors." **Id.**

Finally, where the trial court deviates above the guidelines, this Court may only vacate and remand a case for resentencing if we first conclude that "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c)(3). Although the Sentencing Code does not define the term "unreasonable," our Supreme Court has made clear that "rejection of a sentencing court's imposition of sentence on unreasonableness grounds [should] occur infrequently, whether

the sentence is above or below the guideline ranges, especially when the unreasonableness inquiry is conducted using the proper standard of review."

**Commonwealth v. Walls**, 926 A.2d 957, 964 (Pa. 2007).

Prior to imposing sentence in the instant case, the trial court acknowledged the Sentencing Guidelines, but concluded that they were inappropriate under the circumstances. The court provided the following lengthy statement, on the record, explaining its decision:

> I do recognize that your age, perhaps, makes you less likely to offend again, but it gives me no assurances whatsoever that if you were given the opportunity to remain out on the streets, that you would not do this to another young person.
>
> The experts tell me that you are a pedophile and you cannot help yourself. The experts tell me that you are [at] risk to re-offend. You heard the expert . . . indicate that even if you were in a hospital bed or immobile and unable to get around, she would still be concerned about you re-offending when your grandchildren or other young people are brought to your room.
>
> When I think about what you did to your granddaughter, it is so disturbing and I can completely understand her parents' feelings that they failed to protect her. And yet, they should never have had to be concerned that when they brought their child to her grandfather's home, that you would do the things that you did to her. And you didn't just do it once. You did it over a course of years and you groomed her and you rewarded her with simple things that a 4 year old might enjoy, like the idea that you would make her Jello after you had her in your bedroom and you touched her inappropriately.
>
> The fact that you gained access to her by having her father come over and mow your lawn and the fact that you would accuse her and her family of making all of this up for some financial gain is just ludicrous.
>
> I understand and I respect your right to exercise your right to a trial, and I would never impose a harsher sentence because somebody elected to exercise their constitutional rights. But you

have been convicted now and you still show no remorse whatsoever for your conduct, and that also gives me great concern about your ability to undergo any kind of treatment and actually put yourself in a position that you would not be a threat to the public.

* * *

I believe that a sentence of at least the aggravated range is appropriate here, and that there are many aggravating factors.

The charge only requires proof that you committed indecent assault of a person under 13 years of age. [The victim's] abuse started when she was 3 or 4 years of age, so I find that particularly young age to be an aggravating factor.

Your relationship to your victim being her grandfather, and the fact that she was particularly vulnerable, I find that to be an aggravating factor.

As I have previously indicated, your complete lack of remorse I find to be an aggravating factor.

The impact that you have had on your granddaughter and what she continues to go through and suffer because of what you did to her many, many times over a number of years, I find that to be an aggravating factor.

I have concluded that the guideline ranges simply do not adequately address the serious nature of these crimes, and I would find that a lesser sentence would depreciate the serious nature of the crimes and that you are in need of correctional treatment that can best be served in a state correctional institution.

N.T., 9/6/16, at 89-92.

Moreover, regarding Appellant's claim that the Sentencing Guidelines already account for all relevant factors in the instant case, the trial court disagreed.

While [Appellant's] conviction for the crimes charged required proof that his victim was under the age of 13, that he engaged

in the touching of his victim's intimate parts, and that he did so over a course of time, the crimes charged do not require a showing that [Appellant] was in a position of authority over his victim, that he had a particular position of trust as her grandfather that he abused, that [the victim] was only four years old at the time that the conduct began, that the conduct occurred over a period of six years, or that he threatened to kill [the victim's] family if she revealed the abuse. Accordingly, the guideline ranges did not take these factors into account and, given the facts of this case, a sentence within the guideline ranges—even in the aggravated range—would have depreciated the seriousness of [Appellant's] crimes.

The imposition of a sentence outside of the guideline ranges was further warranted by [Appellant's] lack of remorse and his likelihood of reoffending, both evidencing the necessity of a lengthy sentence in order to meet his rehabilitative needs. While it is perhaps unfortunate that [Appellant's] advanced age and physical impairments will make his incarceration more difficult, [Appellant] is not entitled to a lesser sentence simply because his crimes were not revealed and brought to trial until he reached his present age.

Trial Court Opinion at 13-14.

Based on all of the foregoing, we conclude that the trial court did not abuse its discretion in imposing a sentence in excess of the aggravated range of the Sentencing Guidelines. Although the sentences imposed on each count significantly exceeded the Sentencing Guidelines, the aggregate sentence was not unreasonable.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/8/2017