437 A.2d 1175

**COMMONWEALTH of Pennsylvania**

v.

**Jeffrey JOHNSON, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 22, 1981.

Decided Dec. 17, 1981.

Daniel M. Preminger, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

WILKINSON, Justice.

Appellant was convicted in a jury trial of criminal conspiracy, possession of an instrument of crime, and murder of the

first degree in the assassination-style shooting of Andre Washington on September 24, 1974. Appellant was sentenced to death on the murder charge and concurrent sentences of five to ten years on the criminal conspiracy charge and two and one-half to five years on possession of an instrument of crime. The murder sentence was modified to life imprisonment as a result of *Commonwealth v. Moody,* 476 Pa. 223, 382 A.2d 442 (1977), *cert. denied,* 438 U.S. 914, 98 S. Ct. 3143, 57 L.Ed.2d 1160 (1978). Appellant filed this direct appeal of the murder conviction with this Court. Appellant was represented by the same counsel (trial counsel) at trial and during post-trial proceedings, but by another counsel on this appeal.

Appellant properly raises two issues for consideration by this Court. The first issue, that the trial court erred in admitting evidence of other crimes committed by the appellant, was properly preserved.[1] At issue were several statements made by a key prosecution witness during direct examination, and numerous references to previous criminal activities by the gang of which appellant was a member, including theft of the vehicle in which the victim's body was discovered.

The trial court, after thoroughly reviewing Pennsylvania law on admissibility, correctly concluded that this contention was meritless. That court cited the standard which we enunciated in *Commonwealth v. Goosby,* 450 Pa. 609, 611, 301 A.2d 673, 674 (1973) that a new trial must be granted only when irrelevant references would deprive the defendant of a fair and impartial trial. Such is not the situation in the instant case.[2] Here the witness later clarified his remarks to indicate that the gang leader, not the

1. Although appellant's brief could have addressed the "other crimes" allegations in a more organized fashion which would have assisted with this Court's consideration, the technical requirements of Pa.R. A.P. 2116–19 have been met. Accordingly, the Commonwealth's suggestion that this claim has been waived is rejected.

2. At issue were references by the key witness to death threats upon himself, the theft of the car in which the victim's body was found, and previous gang slayings.

appellant, was responsible for the threats on his life and the killings he had mentioned. Even if the jury drew the inference that the defendant had been involved in threatening the witness, "[i]t has been held that it is proper for the Commonwealth to show an attempt by a defendant to intimidate its witnesses." *Commonwealth v. Baranyai*, 278 Pa.Super.Ct. 83, 89, 419 A.2d 1368, 1371 (1980). In addition, appellant testified to some of the criminal activities of the gang. Further, the instant killing can also be viewed as an event which grew out of previous gang activities. The car was stolen to transport the victim. As the trial court noted: "The instant criminal homicide was inextricably interwoven with a history of gang warfare." *Commonwealth v. Johnson*, 141 January Term, 1979, slip op. at 19. Testimony of this type is admissible. *Commonwealth v. Coyle*, 415 Pa. 379, 203 A.2d 782 (1964). Thus when reviewed within the context of the entire trial, it cannot be said that the witness' testimony deprived appellant of a fair and impartial trial.

▉ Secondly, appellant alleges that his trial counsel was ineffective for failing to (1) object to and request a cautionary instruction to the admission of the evidence of other crimes which was previously discussed; (2) obtain a corrupt source (accomplice) charge for the jury; (3) object to more of the prosecutor's remarks during final argument; and (4) preserve the few objections made to the prosecutor's closing. To determine whether or not counsel was ineffective, it must be determined whether counsel had some reasonable basis for selecting a particular course of action which is designed to effectuate his client's interest. *Commonwealth v. Musi*, 486 Pa. 102, 404 A.2d 378 (1979). Since we have decided that evidence of other crimes was admissible, the claim of ineffectiveness based on admission of that evidence fails. "[C]ounsel cannot be found ineffective for failing to assert a meritless claim." *Commonwealth v. Weathers El*, 485 Pa. 28, 32, 400 A.2d 1295, 1297 (1979).

▉ We held in *Commonwealth v. Karabin*, 493 Pa. 248, 426 A.2d 91 (1981), that trial counsel was not ineffective for failing to request an accomplice instruction. "Rather, it was

a trial tactic of an obvious sort: Karabin's defense was that he did not perform the shootings. To request the accomplice instruction could derogate that defense." *Id.,* 493 Pa. at 252, 426 A.2d at 93. The instant case presents a striking parallel. Defense counsel stated in a side-bar conference that there never was a conspiracy involving the witness and the appellant. Instead, defense counsel stated his theory that the key witness, leader of a splinter group involved in drug dealing, wanted to frame the appellant as part of the witness' plan to eliminate, through death or imprisonment, opposition from gang members who opposed the drug trafficking. Since it is clear from the record that failure to request the discretionary accomplice instruction was within the realm of counsel's trial strategy, it cannot be held to constitute ineffectiveness.

■ Trial counsel did object to certain of the prosecutor's closing remarks which he believed constituted an appeal to the emotions of the jury.[3] Appellant's trial counsel moved for a mistrial, but the trial judge denied this motion, and indicated that he would instruct the jury to base its decision only on the evidence, not on the emotional appeals of either counsel.[4] Although trial counsel did not object specifically

---

**3.** Trial counsel did not object to the following veiled reference to a death threat upon the key witness:

Mr. DeSimone [Assistant District Attorney] I want to ask you a question. If you were a life insurance agent, would you today or any other day write an insurance policy out on Elliot Burton's life? Would you? Any why wouldn't you? Why?

**4.** The trial judge directed the following cautionary instruction to the jury shortly after defense counsel's motion for a mistrial had been denied.

The District attorney made reference to the fact that you should get angry. I will instruct you in my final charge once again that it is inappropriate for you to get angry. It is most appropriate that you decide the case in a fair, objective, non-emotional fashion, and conduct your deliberations in that fashion, and you are to perform your duties in this case as sworn officers of this Court, which you now are as jurors, clearly, of course, aware of your civic and public responsibilities in that capacity as jurors, and *you are to decide the case in that capacity in a fair and impartial manner, only on the basis of the evidence and in a non-emotional fashion.* So keep that in mind. You will be reinstructed at a later point as regards the way in which you are to conduct your deliberations. (Emphasis added.)

to the prosecutor's question regarding the insurability of the key witness' life, threats on the life of the witness were part of the record. *Commonwealth v. Revty*, 448 Pa. 512, 295 A.2d 300 (1972), allows the prosecutor to argue facts in evidence and legitimate inferences therefrom. In addition, the judge's cautionary instruction covered any emotional appeal contained in that statement as well as the other references to which trial counsel objected. We stated in *Commonwealth v. Scarpino*, 494 Pa. 421, 433, 431 A.2d 926, 932 (1981): "Any possible prejudice was addressed and eliminated by the trial judge's prompt attention to the matter." The facts of the instant case do not require a new trial even though the prosecutor's remarks might be characterized as intemperate, uncalled-for or even improper. *See Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975).

■ Appellate counsel suggests that trial counsel was ineffective for failing to preserve the objections which he did make to the prosecutor's closing argument. Trial counsel did preserve a number of weighty issues for consideration by the court in post-trial proceedings. The fact that counsel did not preserve his objections to the closing statement following the denial of his motion for a mistrial and the rendering of a complete, cautionary instruction cannot be considered ineffectiveness. In *Commonwealth v. Holmes*, 486 Pa. 415, 423, 406 A.2d 510, 514 (1979) (plurality) we were presented with this same situation, and affirmed the judgment of sentence:

> We are satisfied that whatever harm may have resulted from these statements were cured by the trial court's prompt and careful instructions and that any argument on this point in post trial motions would have been to no avail. *Thus, it cannot be said that counsel was ineffective for failing to pursue the issue further.* (Emphasis added.)

Hence, trial counsel cannot be considered ineffective with regard to any of the issues raised.

Judgment of sentence affirmed.

LARSEN, J., concurred in the result.